HELEN BORG, Appellee, v. DES MOINES CITY RAILWAY COMPANY, Appellant.

**NEGLIGENCE: Proximate Cause—Concurring Negligence.** When the
1   concurring negligence of two parties results in an injury, each negligence is chargeable as *a* proximate cause.

**NEW TRIAL: Verdict—Excessiveness.** Verdict of $4,445 for personal
2   injury held nonexcessive.

*Appeal from Polk District Court.*—J. D. WALLINGFORD, Judge.

SEPTEMBER 19, 1922.

ACTION for damages for personal injuries resulting from the alleged negligence of the defendant's employees. There was a verdict for the plaintiff, and the defendant appeals.—*Affirmed.*

*W. H. McHenry* and *Corwin R. Bennett,* for appellant.

*H. S. Thomas,* for appellee.

EVANS, J.—I. The case was before us upon a former appeal. *Borg v. Des Moines City R. Co.,* 181 N. W. 10 (not officially reported). The plaintiff, while riding in an automobile, with her brother as driver, was seriously injured in a collision between the automobile and one of the cars of the defendant railway company. The accident occurred on August 15, 1918, at about 9:30 P. M., on West University Avenue. This avenue runs east and west. The accident occurred at the *assumed* intersection of Fortieth Street with this avenue, there being no intersection *in fact,* because Fortieth Street is not extended across this avenue. This being the place of the accident, it will be convenient to refer to it as the "intersection." The automobile was traveling east. There was a double track upon this avenue, which extended westerly up to the intersection. The north track extends no farther than this intersection. The street car travel therefrom passes over a switch to the south track. The south track alone extended westerly. While the automobile was driving easterly toward the intersection, the street car was headed toward the intersection, coming west. It was either moving slowly toward the junction of the switch or was standing still thereat. The plaintiff's witnesses make the latter contention, and the defendant's witnesses, the former. Near the junction of the switch with the south track, a standing automobile was parked on the south side of the street. The space left between it and the south railway track was not sufficient to permit an automobile and a street car to pass at that point. As plaintiff's automobile approached such point, its position was astride of the south rail. Up to a moment before the collision, the street car appeared to the driver of the automobile to be upon the north track. Whether it stopped at the junction and started again, or whether it was in a continuous movement, is in dispute in the evidence. It was the work of a mere moment for the car to pass over the switch from the north to the south track. The moment it passed onto the south track, it blocked the travel along the south side at the point opposite the standing automobile. It was at this point that the collision occurred, the automobile being struck at the side by the left front corner of the street car. The plaintiff was thrown from the automobile, and

sustained injury which confined her to her bed for several months.

· Twenty-one errors are assigned as grounds of reversal. With one or two exceptions, they are all reducible to three propositions: (1) That there was no evidence of negligence on the part of the railway company; (2) that the evidence was conclusive of the negligence of the driver of the automobile, and that such negligence was the sole proximate cause of the injury; (3) that the plaintiff herself was guilty of contributory negligence in her failure to warn the driver of the automobile of the approaching danger.

These propositions are all carefully and elaborately argued. They were all passed on by us on the former appeal. We see nothing to be gained to either party by a repetition of our discussion in the former opinion. We have made a careful re-examination of the case, however, in the light of the appellant's reargument, which is, perhaps, somewhat more extended than it was upon the former appeal. Our former opinion has become the law of the case. If it had not, we are still convinced of its correctness. Sufficient to say, therefore, that the points made by the appellant in support of the propositions here stated are not well taken.

II.   Appellant complains of the form of an instruction, in that it charged the jury that it was incumbent upon the plaintiff, not only to prove the negligence of the street railway company, but also to prove that such negligence was *a* contributing cause to the plaintiff's injuries. The contention is that the plaintiff should have been required to prove that the negligence of the defendant was *the* contributing cause. The evidence was sufficient to have sustained a finding by the jury, not only of the negligence of the street railway company, but of the negligence of the driver of the automobile as well. If their concurring negligence resulted in plaintiff's injury, each negligence was chargeable as *a* proximate cause. The instruction, therefore, was in correct form, under the evidence in the case.

1. NEGLIGENCE: proximate cause: concurring negligence.

III.   Lastly, it is urged that the verdict was excessive. It was for $4,445. The plaintiff was a stenographer by occupation. At the time previous to her injury, she was receiving a wage of

2. NEW TRIAL:
verdict: exces-
siveness.

$45 per month. She was 18 years old. When she resumed her work, she received the same salary. It is argued, therefore, that she had suffered no permanent or future disability, and that, therefore, her damages should have been confined to her loss of time and medical expenses. She suffered serious injury and much pain. Her collar bone was broken. She also received injury in the shoulder blade and in the knee. She was confined to her bed for many weeks. When she arose from such confinement, her right arm was helpless and useless, and so continued for a couple of months, when it began to improve. She suffered pain in the cords of her neck. This has continued in some degree ever since. She cannot wear an ordinary coat without great discomfort. The right collar bone is shorter than the other. The injury to the shoulder blade greatly interferes with the movement of her arm. She suffers a disfigurement both in the collar bone and in the shoulder blade. She continues to suffer pain to such an extent as to interfere substantially with her work as a stenographer. She has never been able to lie on her right shoulder since the accident. In arising from a reclining position, she is not able to sustain the weight of her body upon her right hand. In short, her right arm and shoulder are crippled. We see no fair ground for saying that the verdict was excessive.

We find no ground of reversal in the record, and the judgment below is—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.